**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.: 17-CV-4260**

---

Carol Benedict,

       Plaintiff,

    -vs-

Equifax Information Systems, LLC.

       Defendant.

**COMPLAINT**

**WITH JURY TRIAL DEMAND**

---

## INTRODUCTION

1.  This is an action for damages arising out of Defendant's violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. Plaintiff also brings pendant Minnesota state law claim of breach of contract.

## JURISDICTION

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1681 *et seq.*

## PARTIES

3.  Plaintiff, Carolyn Benedict (hereinafter "Plaintiff") is a natural person who resides in the City of Bloomington, County of Hennepin, State of Minnesota. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

4.  Defendant Equifax Information Systems, LLC (hereinafter "Defendant") is incorporated under the laws of Georgia, with a principal place of business at 1558

Peachtree Street NE, Atlanta, Georgia 30309, and is authorized to do business in Minnesota.

5. Defendant Equifax is a "consumer credit reporting agency," as defined by 15 U.S.C. § 1681a(f) of the Act, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing "consumer reports," as defined in § 1681a(d) of the Act, to third parties.

## FACTUAL ALLEGATIONS

6. Plaintiff settled a prior dispute with Defendant on or about November 11, 2015.

7. Plaintiff's 2015 claim against Defendant was settled by written agreement after a lawsuit alleging violations of the Fair Credit Reporting Act was commenced in the United States District Court for the District of Minnesota – Court file #14-cv-5049 JRT/TNL.

8. The aforementioned lawsuit concerned allegations of inaccurate reporting of Plaintiff's personal and financial information by Defendant, in particular, repeated inaccurate use and reporting of her current address as 26530 128th St. NW, Zimmerman, MN 55398 ("the Zimmerman address").

9. The 2015 Settlement Agreement between Plaintiff and Defendant included, in part, Plaintiff's verification of her accurate personal and financial information, with the Zimmerman address deleted from her list of previous addresses and the name "Carolyn Thielen" deleted from her list of names "formerly known as."

2

10. The 2015 Settlement Agreement between Plaintiff and Defendant included, in part, Plaintiff's consent to the use and reporting of the personal information contained in an Equifax October 28, 2015 credit report generated by Defendant.

11. Pursuant to the terms of the 2015 Settlement Agreement, Defendant deleted the Zimmerman address from Plaintiff's list of former addresses as of May 2015.

12. The inaccurate use and reporting of the Zimmerman address leading to the 2015 Complaint caused Plaintiff significant emotional distress, embarrassment, frustration, and anxiety.

13. Defendant was made well aware of the damages incurred by its inaccurate reporting of the Zimmerman address through the 2015 Complaint and Settlement.

14. On or about September 29, 2016, Plaintiff was denied credit from non-party BMO Harris based on a September 29th Equifax credit report and credit score of 6XX.

15. On or about October 5, 2016, Plaintiff requested and obtained a credit report from Defendant.

16. Plaintiff discovered from the October 5th Equifax credit report that the Zimmerman address had been reinserted by Defendant as of November 2015.

17. Plaintiff had not received any notice of the reinsertion as required by 15 U.S.C. § 1681i(a)(5)(B)(ii).

18. On or about October 10, 2016, Plaintiff was denied credit from non-party Firefly Credit Union based on an October 7th Equifax credit report and credit score of 5XX.

19.   Defendant generated and reported Plaintiff's credit score on September 29th as 6XX and on October 7th as 5XX—a decline of 112 points in just eight days.

20.   On or about October 18, 2016, Plaintiff sent a written request to BMO Harris and Firefly for a copy of the information they had obtained from Defendant.

21.   Firefly responded that it was prohibited by contractual agreement with Defendant to provide copies of that information.

22.   On or about October 26, 2016, Plaintiff sent a written request to Defendant for the information contained in her file which it had sold to creditors BMO Harris on or about September 29, 2016, and Firefly Credit Union on or about October 7, 2016.

23.   Defendant ignored Plaintiff's request in violation of 15 U.S.C. § 1681g(a)(1).

24.   On or about November 5th, 2016, Defendant mailed Plaintiff an automated general verification of the Credco (BMO Harris) and Firefly inquiries on her record and directed her to contact the creditors directly if she wanted more information.

25.   Defendant's November 5th verification of the inquiries failed to respond to her October 26th request for information and violated 15 U.S.C. §1681g.

26.   On March 20, 2017, Plaintiff requested through her attorney, an explanation from Defendant for the dramatic drop in her credit score.

27.   Defendant again ignored Plaintiff's request.

28.     Plaintiff's confidence in the Defendant's ability to accurately maintain her credit history through reasonable procedures is shattered. Plaintiff has invested time, money, and energy into restoring her credit following bankruptcy.

29.     The reappearance of previously deleted address information, Defendant's failures to notify Plaintiff of the reinsertion, to provide her with the information contained in her file upon request, and to explain the dramatic drop in her credit score constitute significant violations of 15 U.S.C. §1681i and §1681g.

30.     Based on the number of violation, the nature of those violations, and the occurrence of those violations following prior litigation with the same Plaintiff, an inference can be drawn of Defendant's failure to have in place reasonable procedures for properly maintaining consumer information in violation of 15 U.S.C. § 1681e(b).

31.     Plaintiff has suffered financial and emotional distress as a result of Defendant's reinsertion of the Zimmerman address on her credit report.

32.     Plaintiff has suffered financial and emotional distress as a result of Defendant's failure to maintain the accuracy of the information or explain the dramatic drop in her credit history as she attempts to rebuild after bankruptcy.

33.     The 2015 Settlement Agreement between Plaintiff and Defendant clearly specifies as a condition of that agreement, the deletion of the Zimmerman address from Plaintiff's personal information.

34.    Nevertheless, and despite its initial deletion of the Zimmerman address in accord with the 2015 Settlement Agreement, Defendant subsequently reinserted the information onto Plaintiff's credit file.

35.    Defendant failed to provide notice to Plaintiff that the Zimmerman address was being reinserted.

36.    As there was no reinsertion notice to Plaintiff at all, there obviously was no notice that included the name, address, and telephone number of the source reporting the Zimmerman address as required by the FCRA pursuant to § 1681i(a)(5)(B).

37.    Defendant continued to report the Zimmerman address in violation of §§ 1681i and 1681e and in breach of the 2015 Settlement Agreement.

38.    In the course of the 2015 litigation, Plaintiff became painfully aware of the details of Defendant's incompetence in its ability to assure maximum possible accuracy in her credit report.

39.    Plaintiff has again suffered significant emotional distress as a result of Defendant's conduct.

40.    Thus, Defendant's reinsertion of the Zimmerman address gave rise in Plaintiff's mind to the emotional toll of the life associated with that address and the real prospect that private information of hers will once again be made available to her former spouse as a consequence of Defendant's conduct, and thereby refueled Plaintiff's emotional distress.

41.   Plaintiff thus suffered emotional distress specifically caused by the reinsertion of the Zimmerman address on her credit file.

42.   Physical manifestations of Plaintiff's emotional damage have been witnessed by her spouse, John Benedict.

## TRIAL BY JURY

43.   Plaintiff is entitled to and hereby requests a trial by jury. US Const. Amend. 7. Fed. R. Civ. P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681, ET SEQ.

44.   Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

45.   Defendant repeatedly prepared, compiled, issued, assembled, and communicated personal information which it had agreed to delete from Plaintiff's credit history.

46.   Defendant willfully violated 15 U.S.C. §§1681e(b), 1681g(a)(1), and 15 U.S.C. §§ 1681i(a)(5)(B) and (C) by failing to follow reasonable procedures to properly maintain Plaintiff's consumer credit history, by reinserting the Zimmerman address as part of Plaintiff's credit file, by allowing this error to recur despite having previously deleted the information pursuant to Plaintiff's prior dispute, and despite

having been made fully aware of the address error during the prior litigation involving the inaccurate reporting of the Zimmerman address.

47.     In the alternative, if Defendant never actually deleted the Zimmerman address from Plaintiff's file, but instead merely "cloaked," "suppressed" or carried out a "soft delete" of it, Defendant willfully and/or negligently violated 15 U.S.C. § 1681i by failing to investigate the source indicating the Zimmerman address as current and by failing to actually delete the Zimmerman address from Plaintiff's file the address.

48.     As a result of Defendant's conduct, actions and inaction, Plaintiff was denied credit on two occasions.

49.     As a result of Defendant's conduct, actions and inaction, Plaintiff has suffered emotional distress, humiliation and mental anguish.

50.     Defendant's conduct, actions and inaction were willful, rendering it liable for punitive damages in an amount to be allowed by the Court pursuant to 15 U.S.C. §1681n.

51.     Plaintiff is entitled to recover costs and attorney fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT II.

## BREACH OF CONTRACT

52.     Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

53.    By the terms of the 2015 Settlement Agreement, Defendant agreed to the information Plaintiff verified as accurate and correct for purposes of use and reporting in its normal course of business.

54.    The contractual term of excluding the Zimmerman address from Plaintiff's credit report was personal in nature, as it is the home of her ex-husband.

55.    Because the original inaccuracies associated with the address caused her emotional distress and disclosure of her private information to her ex-husband, the contractual duty owed Plaintiff by Defendant and established in the 2015 Settlement Agreement was intended to provide her with peace of mind. As such, a breach of that duty would necessarily and foreseeably result in mental anguish and suffering by Plaintiff.

56.    Defendant failed to maintain the suppression of the Zimmerman address on Plaintiff's credit report.

57.    As a result of Defendant's breach of contract Plaintiff has suffered damages in an amount to be determined at trial.


**WHEREFORE**, Plaintiff prays that judgment be entered against the Defendant for:

   a.) Actual damages in an amount to be determined at trial against Defendant;
   b.) Statutory and punitive damages in an amount to be determined at trial against Defendant.
   c.) Costs and reasonable attorney fees pursuant 15 U.S.C. §1681 *et seq*.;
   d.) Injunctive relief against Defendant; and
   e.) Other and further relief as may be just and proper.

Dated this 14th day of September, 2017.     Respectfully submitted,


By: s/Thomas J. Lyons Jr.
Thomas J. Lyons, Jr., Esq.
Minnesota Attorney I.D. #: 249646
**CONSUMER JUSTICE CENTER, P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:   (651) 704-0907
Email: tommy@consumerjusticecenter.com

*ATTORNEY FOR PLAINTIFF*

VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA        )
                                    ) ss
COUNTY OF  Hennepin        )

       Carolyn R. Benedict, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.


                                 s/Carolyn R. Benedict
                                 Carolyn R. Benedict

Subscribed and sworn to before me
this 11th day of September, 2017.


s/Alexis Cooke
Notary Public